

**Michael Grunfeld**
Partner

**VIA ECF**                                                                March 10, 2022

The Honorable Gregory H. Woods
United States District Court
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 2260
New York, NY 10007

RE:     *Di Benedetto v. Qudian Inc., et al.*, No. 1:20-cv-00577-GHW

Dear Judge Woods:

        We represent Co-Lead Plaintiffs Juan Pablo di Benedetto and Galessi Holding Corp and Pablo Greco (collectively, "Plaintiffs"), in the above captioned securities class action. Defendants moved to dismiss Plaintiffs' Amended Class Action Complaint ("Complaint") on September 4, 2020 (ECF No. 54) and that motion is pending.

        Plaintiffs write to notify the Court of supplemental authority relevant to this action.[1] On February 16, 2022, Justice Andrew Borrok of the Commercial Division of the New York Supreme Court issued a decision denying the defendants' motion to dismiss in *France v. Jiayin Group, Inc., et al.*, Index No. 654398/2020 (N.Y. Sup. Ct.) (attached as Exhibit A). *Jiayin* addressed a financial technology company in China that misrepresented in its offering materials how it was changing its business model because of China's strict regulations of peer-to-peer lending services. The Court ruled that the complaint adequately pled a claim based on the allegation "that the offering documents were materially misleading because the Defendants told the investors that they were planning on exploiting a business opportunity in the P2P business market and that they did not believe that they would be affected by Circular 175 when in reality they believed the opposite and secretly had a plan to transform the Company into a fintech company as soon as they raised the money." (Ex. A at 11).

---

[1] Plaintiffs also note Qudian's recent announcement, on February 10, 2022, that it "received a letter from the New York Stock Exchange (the 'NYSE') dated February 7, 2022, notifying the Company that it is below the NYSE's continued listing standards." (Exhibit B, attached). This notification resulted from the price of Qudian's American depositary shares ("ADSs") falling below $1.00 on average over a 30 trading-day period. (*Id.*). If Qudian does not cure this defect withing six months, "the NYSE will commence suspension and delisting procedures." (*Id.*).  Should Qudian's financial health continue to deteriorate, it might make it more difficult for Plaintiffs and the proposed Class to recover for Defendants' fraud.

**600 Third Avenue, New York, New York 10016   tel: 212.661.1100   www.pomerantzlaw.com**

**NEW YORK       CHICAGO       LOS ANGELES       PARIS**



Hon. Gregory H. Woods
March 10, 2022
Page 2

The Complaint here similarly alleges that Defendants misrepresented how Qudian's business responded to China's recent regulations on financial technology and internet lending companies. For example, the Complaint alleges that "[b]y the end of 2018, China's strict regulation of the online consumer lending industry—including Circular 141, which Chinese regulators issued in December 2017—posed an existential threat to Qudian's core loan book." (Complaint ¶ 3). In response, Qudian shifted its best borrowers from the core loan book "to the more regulatory-compliant Open Platform business." (*Id.*). But rather than tell investors the true nature of Qudian's new Open Platform, which was causing a deterioration in credit quality by cannibalizing the highest-quality borrowers from the core loan book, Defendants misrepresented Open Platform as a great new business initiative. Defendants falsely described Qudian's core loan book as continuing to grow alongside Open Platform while maintaining conservative lending standards. (*Id.* ¶¶ 4-17).

The *Jiayin* decision, in addition to all of the authority that Plaintiffs cite in their Opposition to Defendants' Motion to Dismiss (ECF No. 57), supports Plaintiffs' claims and the denial of Defendants' Motion to Dismiss.

Respectfully submitted,

*/s/ Kim E. Miller_____*
Kim E. Miller

**KAHN SWICK & FOTI, LLC**
250 Park Avenue, Suite 2040
New York, NY 10177
Telephone: (212) 696-3730
Facsimile: (504) 455-1498
Email: kim.miller@ksfcounsel.com

*Co-Lead Counsel for Co-Lead Plaintiff*
*Pablo Greco*

*/s/ Michael Grunfeld_____*
Michael Grunfeld

**POMERANTZ LLP**
600 Third Avenue, 20th Floor
New York, NY 10016
Telephone: (212) 661-1100
Facsimile: (212) 661-8665
Email: mgrunfeld@pomlaw.com

*Co-Lead Counsel for Co-Lead Plaintiff Juan*
*Pablo di Benedetto and Galessi Holding Corp*